United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK DEMOND MCCLINTOCK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-1829 |
| | § | |
| STEPHANIE ELAINE BREWER, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This is a case in which the plaintiff, Roderick Demond McClintock ("McClintock"),

seeks to challenge the apportionment of his disability benefits by the Department of

Veterans Affairs ("the VA"). McClintock is proceeding *pro se* and has sued the VA and

his ex-wife, Stephanie Elaine Brewer ("Brewer"). (Dkt. 1). The defendants have moved for

dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure

12(b)(1). Brewer has also moved for dismissal under Federal Rule of Civil Procedure

12(b)(6). McClintock has not responded to either motion. Defendants' motions to dismiss

(Dkt. 17; Dkt. 18) are **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

According to his live complaint, McClintock receives disability benefits from the

VA. (Dkt. 1 at p. 4). After McClintock and Brewer got divorced, Brewer submitted an

apportionment request to the VA regarding McClintock's disability benefits. (Dkt. 1 at p.

4). The VA approved Brewer's request and paid over $15,000 of McClintock's benefits to

Brewer; and McClintock has now sued both Brewer and the VA, alleging that Brewer

obtained the apportionment by providing false information about the amount that McClintock owed in child support. (Dkt. 1 at pp. 4–5). In his complaint, McClintock has invoked several criminal statutes, along with 31 U.S.C. § 3729 (the federal False Claims Act—"the FCA") and the Due Process Clause of the Fifth Amendment:

> List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
>
> 18 U.S.C. § 286
> 18 U.S.C. § 1349
> 18 U.S.C. § 371
> 18 U.S.C. § 641
> 18 U.S.C. § 1031
> 31 U.S.C. § 3729
> Violation of Fifth Amendment Procedural Due Process

Dkt. 1 at p. 2.

Defendants have moved to dismiss McClintock's complaint for lack of subject matter jurisdiction under Rule 12(b)(1). (Dkt. 17; Dkt. 18). In their motions, Defendants argue that the Veterans' Judicial Review Act ("VJRA") bars this lawsuit. (Dkt. 17 at p. 4; Dkt. 18 at p. 2). Brewer's motion also seeks dismissal under Rule 12(b)(6) on the ground that McClintock's complaint fails to state a legally cognizable claim against her. McClintock has not responded to Defendants' motions.

## II.    LEGAL STANDARDS

### a.  Rule 12(b)(1)

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject

matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

### b.  Rule 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming*, 281 F.3d at 161. A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the

facts plausibly establish each required element for each legal claim.
However, a complaint is insufficient if it offers only labels and conclusions,
or a formulaic recitation of the elements of a cause of action.
*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks
and citations omitted).

Courts construe pleadings filed by *pro se* litigants like McClintock under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *see also Payton v. United States*, 550 Fed. App'x 194, 195 (5th Cir. 2013) (affirming dismissal of *pro se* complaint that "failed to plead with any particularity the facts that gave rise to [the plaintiff's] present cause of action") ("[T]he liberal *pro se* pleading standard still demands compliance with procedural standards.").

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201.

*Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

**III.    ANALYSIS**

As previously mentioned, Defendants argue that the VJRA bars this lawsuit. (Dkt. 17 at p. 4; Dkt. 18 at p. 2). On this record, the Court agrees. Moreover, even if the VJRA bar does not apply to McClintock's claims against Brewer,[1] those claims are inadequately pled.

*—The VJRA bar*

"The VJRA cabins judicial review of veterans' benefits determinations." *King v. United States Department of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The VJRA provides that:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
> 38 U.S.C. § 511(a).

McClintock has neither alleged nor shown that Subsection (b) of 38 U.S.C. § 511 applies, and as the Fifth Circuit has further explained:

> The VJRA allows veterans to appeal benefits determinations to the Board of Veterans' Appeals. Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the Court of Veterans Appeals. Congress expressly gave the

---

[1] The Court sees no basis whatsoever on which to conclude that the VJRA bar does not apply to McClintock's claims against the VA.

Federal Circuit Court of Appeals "exclusive jurisdiction" to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."
*King*, 728 F.3d at 414.

Accordingly, the Court "lack[s] jurisdiction if [McClintock's] claims amount[] to an appeal of the VA's benefits decisions." *Id.*

The Court concludes that McClintock's claims amount to an appeal of the VA's decision regarding the apportionment of his benefits. Even though McClintock contends that Brewer misled the VA and casts his lawsuit as an action for fraud, his claims nevertheless "would require the [Court] to assess the VA's benefits decisions" and, as a result, are barred by the VJRA. *Id.* at 415; *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) ("Besides challenging the underlying benefits determination, Weaver's complaint contains additional allegations of 'conspiracy,' 'fraud,' 'misrepresentation,' and so forth, against individual VA officials[.] Without exception, they seek review of actions taken in connection with the denial of Weaver's administrative claim for benefits. They are, in substance, nothing more than a challenge to the underlying benefits decision.").

*—McClintock's claims against Brewer*

All that said, in the interest of justice the Court will address the possibility that McClintock's claims against Brewer alone, when liberally construed, attempt to claim an alternative ground for relief that does not require the Court to assess the VA's apportionment decision. That ground for relief would evidently be that Brewer improperly siphoned off a portion of McClintock's disability benefits by providing false information

to the VA. *See, e.g., Cortes Castillo v. Veterans Administration*, 433 F. Supp. 2d 221, 224–25 (D.P.R. 2006) (concluding that the VJRA bar did not apply to a claim under the Federal Tort Claims Act alleging that a VA doctor negligently misrepresented the plaintiff's disability rating, leading to a reduction in disability benefits) ("Plaintiffs . . . do not contest the retroactive benefits awarded to Cortes, nor do they challenge the factual or legal determinations upon which the award [of benefits] was made[.] In essence, plaintiffs seek compensatory damages for the doctor's negligence in issuing a psychiatric evaluation with no medical basis."). If this is the path which McClintock means to take, however, then he has not adequately pled his claims.

In his complaint, McClintock has invoked several criminal statutes, along with the FCA and the Due Process Clause of the Fifth Amendment. (Dkt. 1 at p. 2). McClintock's allegations do not establish a legally cognizable claim against Brewer under any of the cited statutes or Constitutional provisions. First, the Court sees no basis for allowing McClintock to sue Brewer under the federal criminal statutes that McClintock cites in his complaint. *See Pierre v. Guidry*, 75 Fed. App'x 300, 300 (5th Cir. 2003) ("Pierre has no right to bring a private action under federal criminal statutes."); *see also Tummel v. Milane*, No. 7:18-CV-339, 2019 WL 366708, at *6 (S.D. Tex. Jan. 30, 2019). Second, McClintock's FCA claims fail because he accuses Brewer of stealing from him, not the VA. *Coleman v. Disabled American Veterans*, 193 F.3d 520, 1999 WL 708165, at *1 (5th Cir. Aug. 27, 1999) ("Coleman's claims are not within the ambit of the False Claims Act. He does not allege that the Government has been defrauded by any act of the defendants. He argues instead that he was defrauded by those actions."). Since the VA would have paid

out the same amount of money irrespective of whether Brewer's apportionment request was successful, Brewer's representations to the VA cannot form the basis of an FCA claim. *Peterson v. Weinberger*, 508 F.2d 45, 52 (5th Cir. 1975) ("A claim is within the purview of the False Claims Act if it is grounded in fraud *which might result in financial loss to the Government*.") (emphasis added); *see also Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 183–84 (3d Cir. 2001) ("[T]he submission of false claims to the United States government for approval which do not or would not cause financial loss to the government are not within the purview of the False Claims Act.") (collecting cases).[2] Finally, McClintock cannot sue Brewer under the Fifth Amendment's Due Process Clause because Brewer is not a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

Accordingly, even if the VJRA bar does not apply to his claims against Brewer, McClintock's allegations do not state a legally cognizable claim against her.

---

[2] Furthermore, the Court doubts that McClintock, who is proceeding *pro se*, can even bring an action under the FCA, valid or not. *See Ananiev v. Freitas*, 37 F. Supp. 3d 297, 307 (D.D.C. 2014) ("[A] relator in a *qui tam* action may not proceed *pro se*."); *see also United States v. Onan*, 190 F.2d 1, 4, 6 (8th Cir. 1951), *cert. denied*, 72 S.Ct. 112 (1951) *(*"[W]e do not think that Congress could have intended to authorize a layman to carry on such suit as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself."). !

IV.     **CONCLUSION**

Defendants' motions to dismiss (Dkt. 17; Dkt. 18) are **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Any other pending motions are **DENIED AS MOOT**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas on April 17, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE